IN THE

# SUPREME COURT

OF

# PENNSYLVANIA.

## Lancaster District. May Term, 1813.

LONGENECKER and another *against* HYDE.

IN ERROR.

THIS was a writ of error to the Common Pleas of *Lan-*
*caster* county, in which Court the plaintiffs brought an
action upon the case against the defendant, for having
fraudulently and falsely represented a certain *F. Eckstein*
as a man of property, integrity, &c. with a view to induce
the plaintiffs to trade with him. The declaration averred
that the plaintiffs, who were distillers, did in consequence
of such false representation send three hogsheads of gin
to *Eckstein* to be sold on commission, and that in conse-
quence of his insolvency, they suffered loss, &c.

*The letter of a person, admitting that he had received certain merchandize from the plaintiff to sell upon commission, is not evidence of that fact in a suit brought against a third person to recover damages for having falsely represented the writer of the letter to be a man of property, and integrity, &c.*

Upon the trial of the cause, the plaintiffs, having proved
that the defendant recommended *Eckstein* as a man of pro-
perty, &c. offered in evidence, to prove the delivery of the
gin to *Eckstein*, a letter from him to them, acknowledging
the receipt of three hogsheads, the day before, which he
promised to account for; but upon the defendant's objection
the court overruled the evidence, and whether the Common
Pleas were right was the question.

*Hopkins* for the plaintiffs in error. *Montgomery* contra.

TILGHMAN C. J. The rule of law is, that no witness is
to be heard but upon oath. The confession of a *party* is in-

VOL. VI.                    A

1813.

LONGENECK-
ER et al.
v.
HYDE.

deed evidence without oath, because in its nature nothing can be more satisfactory. But *Eckstein* was no party to the suit, nor was he the agent of the defendant, or in any manner connected with him. To admit his assertions then without oath, would lead to dangerous consequences. Collusions might easily be formed between plaintiffs and their witnesses, who might easily be induced to make declarations in letters, which they would be *afraid to verify on oath in open court.* The defendant had a right to the oath of *Eckstein,* and the opportunity of cross-examining him in public. There is nothing in the case to take it out of the general rule. I am therefore of opinion that the Court of Common Pleas was right in rejecting the evidence, and that judgment should be affirmed.

YEATES J. was prevented by sickness from sitting during this term.

BRACKENRIDGE J. was of the same opinion.

Judgment affirmed.