419 A.2d 92

**COMMONWEALTH of Pennsylvania**

v.

**Jerome BOYKIN, Appellant.**

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed March 7, 1980.

Petition for Allowance of Appeal Granted Oct. 13, 1980.

Margaret M. Boyce, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before PRICE, GATES and DOWLING, JJ.*

DOWLING, Judge:

The appellant was convicted of two counts of rape and one count of involuntary deviate sexual intercourse in connection with a sexual assault on two female complainants. Appellant was sentenced to a term of imprisonment of ten to twenty–years, following which he brought this appeal. Being convinced that the diverse grounds for relief advanced by the appellant are either without merit, or too trivial to warrant reversal, or both, we affirm.

The appellant, who is represented by new counsel on this appeal, contends that his trial counsel was ineffective in filing an untimely motion to sever the appellant's trial from that of his three co–defendants. Since counsel cannot be deemed ineffective for failing to pursue a motion that has no probability of success, *Commonwealth v. Roach*, 479 Pa. 528, 530–531, 388 A.2d 1056, 1057 (1978), it is first necessary to assess the merits of the underlying claim.

The granting of separate trials lies within the sound discretion of the trial court, whose judgment will not be disturbed absent a manifest abuse of that discretion. *Commonwealth v. Tolassi*, 258 Pa.Super. 194, 392 A.2d 750 (1978). Appellant first argues that severance was required because the evidence introduced to convict his co–defendants of crimes for which he had previously been acquitted would inevitably redound to his detriment in his retrial for rape and involuntary deviate sexual intercourse.[1]

---

* President Judge G. THOMAS GATES, of the Court of Common Pleas of Lenanon County, Pennsylvania, and Judge JOHN C. DOWLING, of the Court of Common Pleas of Dauphin County, Pennsylvania, are sitting by designation.

1. Appellant had been acquitted of robbery, burglary and conspiracy in a previous trial arising out of the same incident. The jury had been unable to reach a verdict for either appellant or his co–defendant in that earlier trial on the charges of rape and involuntary deviate sexual intercourse. Accordingly, appellant was retried on those charges, together with his former co–defendant and two new co–defendants, the latter being charged with various counts of robbery, burglary and conspiracy in addition to rape and involuntary deviate

■ All of the crimes charged grew out of a single, protracted incident of about four hours duration, in which the complainants were repeatedly victimized by the defendants in the former's apartment. Under these circumstances, it remained open for the prosecution to prove the appellant's complicity in the commission of crimes which he had been absolved of committing directly. Consequently, we find that the evidence complained of was admissible against the appellant under a theory of accomplice liability, notwithstanding his earlier acquittal for three of the offenses involved. Having so held, we must reject appellant's related claim that by charging the jury on complicity, the lower court violated the Fifth Amendment's double jeopardy clause by virtue of his previous conspiracy acquittal.[2] The jury in this trial could have reasonably found that despite the absence of an agreement, the appellant's actions aided his co–defendants in their criminal activity. Therefore, the partial overlap in the statutory definitions of conspiracy and accomplice liability does not preclude a prosecution for the latter after an acquittal for the former.

It is next urged that separate trials were necessary because of the Commonwealth's introduction of a confession by appellant's co–defendant which, in its original form, contained incriminating references to the appellant. Although the statement was redacted by the trial court to eliminate all inculpatory references to the appellant by name, it is claimed that the retention of plural pronouns, in lieu of proper names, tacitly implicated the appellant and thereby violated his Sixth Amendment right of confrontation. *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). The confession reads as follows:

sexual intercourse. It is this second proceeding which is presently under review.

2. While the definitions of conspiracy and complicity are substantially similar, they are not identical. A conspiracy conviction requires a finding of an agreement to commit a crime. Act of 1972, P.L. 1482, No. 334, § 1, 18 C.P.S.A. § 903. To be liable as an accomplice, one need only aid or attempt to aid another in the commission of a crime, irrespective of whether an agreement to do so existed. Act of 1972, supra, 18 C.P.S.A. § 306.

"On Tuesday, August 17, 1976, at approximately 2:30 am, we went to this house on Hunting Park Avenue. We sat in the car and I saw a girl I know from the neighborhood sitting on the porch. One of us, I'm not sure, went over and began to talk with her. The next thing I remember (sic) standing on the porch and one of us smacked Victoria in the face."

In sanctioning the use of redaction, our Supreme Court limited its application to ". . . confession(s) . . not contain(ing) a trace or hint of participation in the crime by appellant (the confessor's co–defendant) . . . ." *Commonwealth v. Johnson*, 474 Pa. 410, 414, 378 A.2d 859, 861 (1977). To the extent that the instant confession implied that appellant was one of the unnamed persons who exited the car and went to the victim's porch immediately before the incident occurred, it incriminated the appellant and therefore violated his *Bruton* rights. However, in balancing the resulting prejudice against the competent evidence of appellant's guilt, we find the trial court's error in admitting the confession as redacted to have been harmless. See, *United States ex rel. Siegel v. Lennox*, 460 F.2d 690, 695 (3 Cir. 1972); *Commonwealth v. Knight*, at 65, 364 A.2d at 905. In addition, the harm to the appellant was mitigated by the court's curative instructions, providing that the jury should consider the confession solely as evidence against the confessor.

Appellant argues in the alternative that his co–defendant's confession as well as his own, should have been read in their entireties to show that both identified the same four individuals despite the alleged participation of seven persons in the incident. Appellant proposed to show that only those men whose names had already been supplied to the police by the victims were included in the confessions, whereas the purported declarants should have been able to name all of their companions. Appellant complains that the excision of the names from the confessions prevented him from effectively cross–examining the detectives and therefore from exposing the statement as police fabrications.

This issue has been waived by appellant's failure either to have filed a timely application for severance or to have requested exclusion of his confession on *Bruton* grounds. *Commonwealth v. Young*, 263 Pa.Super. 333, 339, 397 A.2d 1234, 1237 (1979). In the interest of preventing further appeal, however, we hasten to add that the record indicates that appellant was afforded ample opportunity during cross–examination of the detectives to demonstrate any allegedly anomalous similarities between his statement and that of his co–defendant.

■ Since the foregoing discussion of the factors relevant to deciding the merits of appellant's severance motion discloses that the trial court would have properly exercised its discretion in denying a seasonable motion, we conclude that the appellant's trial counsel was not ineffective for failing to file a timely motion to sever. See, generally, The American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Joinder and Severance (1968) commentary to Section 2.3(b).

■ Appellant next contends that his confession was the product of an unnecessary delay between his arrest and subsequent arraignment and therefore should have been suppressed pursuant to *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972). The relevant time period for determining a claim of unnecessary delay is the time elapsing between arrest and the initial incriminating statement. *Commonwealth v. Bogan*, 482 Pa.Super. 151, 159, 393 A.2d 424, 428 (1978). Here, the initial incriminating statement was made during an interview commencing one hour and fifteen minutes after arrest, and ending forty–five minutes later.[3] It was recorded and reduced to writing about three

3. The suppression court specifically found that appellant was apprised of the charges against him and informed of his *Miranda* rights at the commencement of this interview, resulting in a valid waiver. The hearing judge further found that appellant had not been physically abused by the police. (Findings of Fact and Conclusions of Law of Morutani, J. at 9–11, numbers 18 and 19). Appellant had produced no countervailing evidence to convince us to overturn the findings entered below, which are therefore affirmed.

hours after the interview ended, the delay being attributable to transporting appellant to the Police Administration Building for identification of co–participants implicated in his statement. We are satisfied that appellant's confession was not of the type proscribed by *Futch* or its progeny.[4] See, *Commonwealth v. Carter*, 481 Pa.Super. 495, 393 A.2d 13 (1978) (evidentiary use of initial incriminating statement made two hours and twenty–five minutes after arrest was not violative of *Futch* rule); *Commonwealth v. Jones*, 478 Pa.Super. 172, 386 A.2d 495 (1978) (inculpatory statement made four hours and ten minutes after arrest was not product of unnecessary delay); *Commonwealth v. Perry*, 468 Pa. 515, 364 A.2d 312 (1976) (no unnecessary delay where appellant gave initial statement thirty minutes after arrest, and statement was recorded, read and signed about three hours later).

Having so held, we cannot sustain appellant's related objection to the omission of the phrase "unnecessary delay" from the trial court's instruction to the jury on the voluntariness of the defendant's statements.

■ Appellant contends that the prosecuting attorney used his peremptory challenges to exclude blacks from the jury. In *Commonwealth v. Jones*, 246 Pa.Super. 521, 371 A.2d 957 (1977), while addressing a virtually identical argument, we held that the presumptively proper exercise of peremptory challenges is overcome only ". . . where the defendant produces evidence that in *case after case* the prosecutor . . . is responsible for the removal of all blacks from every jury." Id., 246 Pa.Super. at 523, 371 A.2d at 958 (emphasis in original). Having failed to sustain this burden of proof, appellant's request must be denied.

4. Although appellant was not arraigned within six hours of his arrest as presently required under *Commonwealth v. Davenport*, 471 Pa. 278, 370 A.2d 301 (1977), suppression of the statement taken during the interim period is not mandated since *Davenport's* per se six–hour rule applies only to arrests occurring after the date of that opinion, March 16, 1977. The instant arrest took place on September 14, 1976.

■ Appellant also objects to several comments made by the prosecutor during his summation to the jury. These same allegations were raised in the appeal to this court brought by appellant's co–defendant. *Commonwealth v. Young*, 263 Pa.Super. 333, 397 A.2d 1234 (1977), wherein they were found to be without merit and dismissed. For the reasons expressed in that opinion, we find the complained of remarks to fall short of prosecutorial misconduct warranting reversal.[5]

Judgment of sentence affirmed.

---

5. Of the remaining points argued in appellant's brief, only two merit any discussion. First, appellant contends that a directed verdict should have been granted on the information charging his rape of one of the two female complainants, since she testified to only one act of oral intercourse with him. The trial court ruled that the rape and involuntary deviate sexual intercourse charges merged, and accordingly sentenced appellant on only one of them. In light of the consequent obviation of prejudice to the appellant, we are persuaded that no error was committed in allowing both charges to be submitted to the jury.

Second, and in conjunction with the previous argument, appellant claims that his indictment and trial for both rape and involuntary deviate sexual intercourse twice placed him in jeopardy for a single act of forced sexual intercourse. This identical claim was addressed and adversely disposed of in *Commonwealth v. Romanoff*, 258 Pa.Super. 452, 392 A.2d 881 (1978).