375 A.2d 163

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Phillip POMPEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 22, 1976.

Decided June 29, 1977.

Edward F. Browne, Jr., Assistant Public Defender, Lancaster, for appellant.

Ronald L. Buckwalter, First Assistant District Attorney, and D. Richard Eckman, District Attorney, Lancaster, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

VAN der VOORT, Judge:

Appellant was found guilty of simple assault on an indictment charging aggravated assault on Eddie Jackson and Booker T. Jackson. The assault occurred in the B & B Cafe in Lancaster in the course of which appellant and another allegedly caused serious bodily injury to Eddie Jackson and Booker T. Jackson by beating them about the face, head and shoulders with their fists and pool cue sticks. The jury returned a verdict of guilty. Post-trial motions were made in arrest of judgment and for a new trial. They were denied and sentence was imposed. This appeal followed.

The sole issue presented on appeal is whether the trial court erred in declining an offer of evidence claimed to be admissible as a declaration against penal interest and therefore an exception to the hearsay rule.

The offer and the court's ruling were as follows:

"Your Honor, I offer to present the testimony of Lon Ashford to the effect that the day after this incident the tendered witness had a conversation with one, Leroy Long, and that in that conversation Leroy stated that he had been at the B & B on the night of this incident and had, in fact, had a knife, and had taken it out because, 'I was going to cut the [obscenity],' meaning the defendant, Phillip Pompey.

"THE COURT: All right, the offer is disallowed for two reasons. There is nothing to show why the declarant, himself, can't be summoned as a witness, and also that the offer does not come within *Commonwealth versus Hackett,* 225 Superior 22 [307 A.2d 334] in which it is said among other things that declarations must be inherently trustworthy in that they are written or orally made to reliable persons of authority, and it is disallowed for those reasons."

A declaration against penal interest as an exception to the hearsay rule on the same basis that a declaration against pecuniary or proprietary interest is allowed was first recognized by this court in *Commonwealth v. Hackett,* 225 Pa.Super. 22, 29–30, 307 A.2d 334 (1973). The justification for and the parameters of such an admission of hearsay testimony were stated by this court to be as follows (pp. 29–30, 307 A.2d pp. 338):

"Public policy, the fundamental principles of fairness and due process of law require the admission of declarations against penal interest where it can be determined that those statements: (1) exculpate the defendant from the crime for which he is charged; (2) are inherently trustworthy in that they are written or orally made to reliable persons of authority or those having adverse interests to the declarant; and, that they are made pre-trial or during the trial itself. Under these circumstances, an exception to the hearsay rule, in our view, is mandatory. The protection of innocent defendants must override any technical adherence to a policy that excludes evidence on the grounds of hearsay."

Our Supreme Court likewise recognized a declaration against penal interest as an appropriate exception to the hearsay rule in *Commonwealth v. Nash*, 457 Pa. 296, 303, 304, 305–6, 308–9, 324 A.2d 344 (1974), but were equally divided as to its scope. The opinion of the Court, supported by three Justices, endorsed our position in *Hackett* in the following words (457 Pa. p. 302, 324 A.2d p. 346):

"It is our view, and that of the Superior Court in *Commonwealth v. Hackett*, supra, that by its decision in *Chambers*, supra [*Chambers v. State of Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297], the Supreme Court did not intend that every declaration against penal interest must be admitted into evidence. Rather, it is only those hearsay declarations which 'were originally made and subsequently offered at trial under circumstances that provided considerable assurance of their reliability.' [Id. 457 Pa. at 300,] 93 S.Ct. at 1048."

In a concurring opinion, three other justices also supported the admissibility of hearsay declarations against penal interest, but stated the parameters of the exception somewhat differently:

"In my judgment, this Court should adopt as part of the common law of evidence the view permitting extrajudicial declarations against penal interest to be admitted into evidence as an exception to the hearsay rule." (457 Pa. p. 303, 324 A.2d p. 347)

"The law of this Commonwealth has, however, long been that declarations against pecuniary or proprietary interest are admissible as a hearsay exception . . . I perceive no logical foundation to support different treatment for declarations against penal interest." (457 Pa. p. 304, 324 A.2d p. 347)

"In my view, a declaration against penal interest should be admitted if its proponent can show that the declaration states facts that are against the penal interest of the declarant, and that the declarant is unavailable at the time of trial." (457 Pa. pp. 305–6, 324 A.2d p. 348)

"In any event, circumstances assuring reliability go to the weight of the evidence. See *Rau v. First National*

*Stores*, 97 N.H. 490, 494–95, 92 A.2d 921, 924 (1952). If the declaration is incredible or is testified to by an incredible witness, the factfinder is free to disbelieve the testimony. By cross-examination, opposing counsel is able to probe testimony for weakness, inconsistencies, or the interest of a witness. This, and not admissibility, is the safeguard for incredible testimony." (457 Pa. pp. 308–9, 324 A.2d pp. 350)

It is to be noted that the point of difference between the Justices is whether such a declaration against penal interest must be made under circumstances that provide some assurance of reliability of whether those circumstances merely go to the credibility of the evidence. This division of opinion within the Supreme Court was repeated in *Commonwealth v. Colon*, 461 Pa. 577, 581, 337 A.2d 554 (1975). Until we are authoritatively advised otherwise, this court will adhere to the qualifications placed on the exceptions as stated in *Hackett.*

The declaration against penal interest proffered in evidence in the instant case meets none of the qualifications for admissibility. It is universally agreed that hearsay may not be received unless the declarant is unavailable as a witness. There is no showing here that the witness could not be produced in court or that he would avail himself of the protection of the Fifth Amendment and refuse to testify.

Furthermore, the testimony, if received, would not have exculpated appellant and is, therefore, irrelevant. The appellant was found guilty of assaulting the Jackson brothers, not the declarant. The fact that the declarant had a knife and was in a frame of mind to use it on the appellant would not have excused appellant's assault on the Jackson brothers.

The declaration was not made under any of the circumstances suggested in *Hackett* which would give it credibility. It was not made to a public official or to anyone with an interest adverse to the declarant. It was simply made to another onlooker at the scene of the fight.

It is not even clear that the proffered statement was a declaration against penal interest unless it be in the mere circumstance that the declarant possessed a knife. He did not use it to assault the appellant or anyone else and the fact that he may have been in a frame of mind to do so hardly amounts to a crime.

Affirmed.

SPAETH, J., concurs in the result only.