444 A.2d 1260

**COMMONWEALTH of Pennsylvania**

v.

**Harrison ROBINSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1980.

Filed April 23, 1982.

448

Lester G. Nauhaus, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before PRICE, MONTEMURO, and DiSALLE, JJ.

MONTEMURO, Judge:

This case is before the court on appeal from the entry of judgment of sentence. Appellant was convicted by a jury of Criminal Conspiracy and sentenced to five (5) years probation.

Appellant contends that the lower court erred in failing to consider an oral suppression motion which was raised at the time of trial. Alternatively, he argues that trial counsel was ineffective for failing to file the motion timely.[1]

Appellant also contends that the admission of certain testimony of an alleged co-conspirator was reversible error

1. On appeal, appellant is represented by different counsel, he therefore may raise the ineffectiveness issue. Post-trial motions were filed as to the other issues. Because appellant did not brief these issues, the lower court judge summarily dismissed the motions and declined to write an opinion discussing them.

and that therefore a new trial should be ordered.[2] For the following reasons, we reverse.

The facts of the case are as follows:

Appellant and co-defendant Gales were arrested on December 13, 1974, after a search of their house produced certain controlled substance (drugs). A third co-defendant, Bundridge, was subsequently arrested. The Federal Drug Enforcement Administration agents conducted the search of the house at which time appellant and co-defendant Gales were arrested. The Federal charges were dismissed on May 26, 1976, after an assistant U. S. Attorney refused to provide defense counsel with a D. E. A. Form Seven (a record of the chain of custody of the drugs seized). State criminal proceedings were then initiated on June 17, 1976.

The alleged trial error that appellant raises relates to a discussion that D.E.A. agent Ramsey had with co-defendant Bundridge 13 days after the arrest of appellant and co-defendant Gales. Bundridge had not yet been arrested. In their discussion, Bundridge allegedly inculpated appellant in the conspiracy stating that appellant stored the drugs at his house for approximately $200.00 a month. Bundridge allegedly made these statements in an attempt to recover the drugs from agent Ramsey. Agent Ramsey, over the objection of trial counsel, testified as to this discussion at trial. Neither Bundridge nor the other defendants testified at trial.

Appellant contends that agent Ramsey's testimony relating to Bundridge's statement was hearsay which was not admissible under any recognized exception and that his right to confrontation was therefore violated. The Commonwealth contends that the testimony was properly admitted either under the co-conspirator exception to the hearsay rule or as a declaration against penal interest.

2. Appellant raises a third issue; that he was denied his right to speedy trial. We perceive no prejudice to appellant as a result of the delay in the institution of proceedings and therefore conclude that the contention is without merit.

■ The hearsay exception that allows evidence of an out-of-court statement of one conspirator to be admitted against his fellow conspirators applies only if the statement was made in the course of and in furtherence of the conspiracy.[3] There also must be evidence of a conspiracy other than the declaration in question. *Commonwealth v. Ellsworth*, 409 Pa. 505, 187 A.2d 640 (1963).

■ The question here is whether the conspiracy was legally terminated at the time of Bundridge's discussion with agent Ramsey.

In *Commonwealth v. Cofer*, 257 Pa.Super. 528, 390 A.2d 1363 (1978), our court examined a situation in which physical evidence obtained from a co-conspirator some thirty minutes later, and testimony regarding flight from the scene of the crime, was admitted against defendant who was arrested at the scene. The defendant in that case contended that the conspiracy was terminated at the time of his arrest and that therefore evidence retrieved some thirty minutes later should not have been admitted against him. The court, in affirming the lower court's ruling, stated that flight from the scene of the crime was properly part of the *res gestae* of the conspiracy and therefore in furtherance of it.

In *Commonwealth v. Ellsworth, supra*, the court was presented with a situation in which the Commonwealth introduced statements made by one incarcerated co-conspirator to a fellow prisoner which implicated the other co-conspirator who was incarcerated at another location. The lower court had taken the position that the conspiracy was still in existence because at the time the statements were made, there had been no split of the proceeds of the crime, the money was still in their joint possession, and one of the co-conspirators was trying to set up an alibi defense for both of them. Reversing the lower court, the Supreme Court stated that the conspiracy had been terminated certainly at the time of the arrest and incarceration of both co-conspirators. The court referred to the alibi scheme as a commencement of a new conspiracy.

**3.** The exception also applies to acts or physical evidence.

In the case before us, the incarceration of Robinson, appellant, did not necessarily signal the termination of the conspiracy. See *Commonwealth v. Cofer, supra,* see also *Dutton v. Evans,* 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1974). However, the time interval between the incarceration of appellant and the inculpatory statements by Bundridge was approximately 13 days, not 30 minutes. Bundridge's conversation with Agent Ramsey involved an attempt to retrieve the seized drugs. Bundridge was presumably acting alone in this venture, but even if he was acting in concert with another individual, his actions would clearly constitute the commencement of a new conspiracy. The fact that Bundridge's attempt to bribe Agent Ramsey involved the same contraband does not in and of itself prolong the earlier alleged conspiracy.

The Commonwealth contends that even if Bundridge's statement were deemed inadmissible under the co-conspirators exception, they should, nevertheless, be admissible as a declaration against penal interest.

In *Commonwealth v. Hackett,* 225 Pa.Super. 22, 307 A.2d 334 (1973), the court ruled that declaration against penal interest should be admitted into evidence when those statements

(1) exculpate the defendant from the crime for which he is charged;

(2) are inherently trustworthy in that they are written or orally made to reliable persons of authority or those having adverse interests to the declarant; and

(3) they are made pre-trial or during the trial itself.[4] *Id.,* 225 Pa.Superior Ct. at 29, 30, 307 A.2d at 338.

4. In *Commonwealth v. Nash,* 457 Pa. 296, 324 A.2d 344 (1974), Justice O'Brien approved of the test enunciated in *Hackett* supra. Justice Roberts, in his concurring opinion criticized the test as unduly restrictive on admissibility. He did not however criticize the first guideline which holds that the declaration must exculpate the defendant from the crime for which he is charged. His approval of that portion of the test is more readily apparent from a reading of that text of his opinion wherein he contrasts *Commonwealth v. Antonini,* 165 Pa.Super. 501, 69 A.2d 436 (1949) with *Commonwealth v. Nash.* "*Antonini* can easily be distinguished because there the

The statement of Bundridge sought to be introduced by the Commonwealth in this case was inculpatory, not exculpatory as mandated by guideline number one. It is well settled that the admission of such an inculpatory statement is in violation of the confrontation clause.[5]

Furthermore, within the framework of criminal conspiracy, admitting the statements as a declaration against penal interest is doing nothing more than eliminating the "termination of conspiracy" stricture in the co-conspirator exception.[6]

For the foregoing reasons, we conclude that Bundridge's statement was inadmissible and its erroneous admission warrants the granting of a new trial.

Appellant next contends that the lower court erred in failing to consider his suppression motion. Alternatively, he contends that trial counsel was ineffective for failing to file the motion timely.

 Counsel attempted to present his motion at the time of trial but was not allowed to do so by the trial judge. An untimely pre-trial motion shall be considered by the trial judge if the opportunity did not previously exist or counsel was unaware of the grounds for the motion. See Pa.R. Crim.P. 307, formerly Rule 305. There is nothing in the record to indicate any such excuse. Furthermore, appellant was represented by the Public Defender's Office from the beginning of the case. Thus, as the record now stands, we perceive no error by the lower court judge.

 However, we will not automatically deem counsel ineffective for failing to present the suppression motion

declaration, a suicide note by a decedent, was offered to inculpate the accused; and therefore its introduction would violate the confrontation clause." *Nash*, supra, 457 Pa. at 305, 324 A.2d at 348.

5. See *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968)

6. In the context of a conspiracy, a declaration against penal interest is an admission by a co-conspirator sought to be introduced against the defendant. In order to be admissible, it must also be made during or in furtherance of the conspiracy.

454

timely. Counsel will not be deemed ineffective when he fails to pursue a meritless claim. *Commonwealth v. Weathers El*, 485 Pa. 28, 400 A.2d 1295 (1979). In this case, however, because of the inadequacy of the record, it is not possible to conclude that the motion to suppress had arguable merit. The affidavit supporting the search warrant is not in the record and the lower court did not address the issue.[7] We therefore remand to the trial court with direction to order the party in possession to produce the search warrant and affidavit and to conduct an evidentiary hearing on the question of whether the suppression motion had arguable merit. If the lower court determines that counsel was ineffective, appellant should be allowed to file a suppression motion *nunc pro tunc.*

The judgment of sentence is reversed and case remanded.[8]

DiSALLE, J., did not participate in the consideration or decision of this case.

---

7. As stated in footnote 1, *supra*, the lower court judge did not write an opinion.

8. This court relinquishes jurisdiction.