462 A.2d 236

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Harry ZUKAUSKAS, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 22, 1983.

Decided July 8, 1983.

502

Neil E. Jokelson, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Mariana Sorensen, Asst. Dist. Attys., Philadelphia, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

OPINION

McDERMOTT, Justice.

About 12:25 on the morning of March 17, 1979, at the Mummer's Bar in Philadelphia, appellant fell into an argument with one Robert Nelson. A struggle ensued and both suffered numerous knife wounds. Police came and both were taken to the hospital. Robert Nelson later died.

Appellant, charged with voluntary manslaughter and possession of an instrument of crime, was tried at a bench trial before the Honorable Juanita Kidd Stout. He was adjudged guilty and has taken a direct appeal to this Court from that conviction. Appellant raises a single issue. He contends that the trial judge erred in assessing the admissibility of proffered *res gestae* statements.

After the altercation, police took both appellant and Robert Nelson to the hospital. During appellant's treatment, he had an extended conversation with a police officer, in which he gave his version of the events. At trial, where appellant did not testify, he offered the testimony of the police officer

to relate the version of the events he gave the officer at the hospital. That version was essentially exculpatory. In his conversation with the officer he said he was unarmed, that Robert Nelson was the aggressor and attacked him with a knife. The offer of the conversation was objected to as hearsay and the objection sustained. The learned trial judge held that a conversation approximately forty five minutes after the event in question was too remote in time to qualify as an excited utterance or *res gestae* statement. We agree and affirm the judgment of sentence.[1]

An excited utterance is the event speaking and not the speaker. It is an exception to the hearsay rule, carved from human experience, which teaches that an unreflected, spontaneous utterance made under the impact of a shocking, unexpected emotion, precipitated by a traumatic event, renders the speaker the medium and not the message. Such an utterance is allowed in evidence because it is spontaneous and unreflected, without influence from thought, design and reason. It is not accepted because the statement is or must be true, but because it could be at least as true as any other evidence. Before such evidence is received, it must be carefully weighed. As this Court stated in *Commonwealth v. Pronkoskie,* 477 Pa. 132, 383 A.2d 858 (1978):

> "To come within the excited utterance exception to the hearsay rule, a statement must be:
>
> ... 'a spontaneous declaration by a person whose mind has been suddenly made subject to an overpowering emotion caused by some unexpected and shocking occurrence, which that person had just participated in or closely witnessed, and made in reference to some phase of that occurrence which he perceived, and this declaration must be made so near the occurrence both in time and place as to exclude the likelihood of its having emanated in whole

---

1. Jurisdiction is vested in this Court pursuant to the Judicial Code, Act of July 9, 1976, P.L. 596, No. 142 § 2, 42 Pa.C.S.A. § 722(1), amended subsequent to appellant's convictions by Act of September 23, 1980, P.L. 686, No. 137 § 1.

or in part from his reflective faculties.' " (citation omitted)

*Id.* 477 Pa. at 137–138, 383 A.2d at 860.

In the instant case, the utterance was forty five minutes after the event. The appellant contends there is no precise rule as to the length of time passing between the event and the alleged excited utterance. Appellant is exactly right. There is none, except it must be:

> "So near the occurrence both in time and place as to exclude the likelihood of its having emanated in whole or in part from his reflective facilities."

*Id.* Length of time is an element that must be weighed along with other considerations. It varies with the circumstances and from case to case. It does not alone decide admissibility. The question is not how long one or when one is seized by an event, but rather was he seized at all. Time itself is not dispositive and is determined, ad hoc, case by case. This being so, we shall examine the evidence taken to support the offer.

At a hearing to decide admissibility, the police officer testified:

> [Y]ou know, like he would tell me stuff and then he would stop and he would talk about boxing and then he would start again and talk about something else, and each time he would ask, you know, if he was dead yet, and then he would start and he would tell me the story again, and then he would stop and then we would talk about boxing again, and then he would start and—

Notes of Testimony, Motion to Suppress Hearing at 1.99–1.-100. It is clear that appellant wandered, at will to different subjects of his choice, that he was not compelled by the event and that he had time to gather himself. His question as to whether Robert Nelson, had died, argues a mind aware of the event and its consequences. The time involved left room for inventive forces. That is the antithesis of unflective spontaneity.

Accordingly, the judgments of sentence imposed on appellant by the court of common pleas are affirmed.