616 A.2d 1006

**In the Interest of Walter PACK.**

**Appeal of Walter PACK.**

Superior Court of Pennsylvania.

Argued July 28, 1992.

Filed Oct. 20, 1992.

Reargument Denied Dec. 11, 1992.

348

Helen A. Marino, Asst. Public Defender, Philadelphia, for appellant.

Laurie Magid, Asst. Dist. Atty., Philadelphia, for Com. participating party.

Before MONTEMURO, FORD ELLIOTT and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from the order of the Court of Common Pleas of Philadelphia County, dated May 14, 1991, which adjudicated appellant Walter Pack, a sixteen year-old juvenile,

delinquent and committed him to state custody. We affirm in part and vacate in part.

The facts of this case, as adopted by the trial court, are as follows:

On March 22, 1991, at approximately 9:00 a.m., Walter Pack [appellant] and another male were arrested with trash bags containing clothes removed from a store located at 135 S. 52nd Street, owner Pierce Bouyad, which had been broken into some time around 2:20 a.m. that same morning. Walter, a juvenile, was charged with Theft, Receiving Stolen Property and Criminal Conspiracy (Petition No. 1791–91–3, D.C. # 91–18–018824). After his arrest, he was given *Miranda* warnings. [Appellant] exercised his rights and remained silent. On March 26, 1991, at Courtroom One, Youth Study Center, Master Gordon appointed the Defender Association to represent [appellant]. The matter was set for an adjudicatory hearing on April 5, 1991, Courtroom "D", 1801 Vine Street.

On April 1, 1991, after a conversation with Assistant District Attorney Blessington, Detective Butler, with ADA Blessington's blessings and ADA Falcone's approval, obtained an arrest warrant, this time adding the charge of Burglary to the charges already pending on the March 22nd incident. On April 4, 1991, the detective went to the Youth Study Center at approximately 10:00 a.m. and rearrested defendant and obtained a waiver of rights, and a statement detailing the break-in and theft of the clothing from 135 S. 52nd Street on March 22, 1991. At the end of this statement, in response to questions by Detective Butler, [appellant] also admitted participating in an earlier break-in on 52nd Street.

Upon this second arrest, [appellant] was charged in petition No. 2031–91–4, D.C. # 91–18–018824, with Burglary, as well as Theft, Receiving Stolen Property, Criminal Conspiracy, Criminal Trespass, for the incident on March 22, 1991 at 135 S. 52nd Street—the very same incident with which he was charged in Petition No. 1791–91–3 following his first arrest. He was also charged in Petition No. 2030–91–4 with

another Burglary and related offenses at an earlier time at another location on South 52nd Street.

On April 5, 1991, in "D" Court, the Commonwealth withdrew prosecution on Petition No. [1792–91–3].

On April 18, 1991, Detective Butler testified at a hearing on the defense motion to suppress his statement on the grounds of violation of the [appellant's] 5th and 6th Amendment rights via the 14th Amendment. Detective Butler testified that [appellant] appeared to understand the nature of the interview and waived his rights to have an attorney present. Detective Butler denied any physical or mental coercion of the [appellant] to elicit a statement. [Appellant] reviewed the statement and signed same. The Commonwealth also introduced the [appellant's] J-file [juvenile history] for the relevant portion to his mental health evaluations and the [appellant's] prior contacts with the juvenile system. N.T. 5/3/91 at 2. The suppression court denied appellant's motion to suppress on the grounds that appellant voluntarily and knowingly waived his rights before giving a statement to the police detective and because the questioning was not a custodial interrogation. N.T. 5/3/91 at 4. After his decision, the suppression judge recused himself and the Honorable Abram Frank Reynolds, Jr. entertained the adjudicatory hearing. On May 14, 1991, Judge Reynolds adjudicated appellant delinquent and this timely appeal followed.[1]

Appellant raises the following issues for our review: whether the trial court erred in refusing to suppress appellant's statement to police because (1) it was taken in violation of appellant's sixth Amendment right to counsel; and, (2) the statement was taken after appellant had invoked his right to remain silent. Appellant also questions whether the trial court erred in refusing to suppress physical evidence which was unlawfully seized.

1. Judge Reynolds' opinion to this court indicates that he relied on the suppression judge's ruling and reasoning for denying the motion to suppress. Subsequently, however, and in response to our Supreme Court's decision in *Commonwealth v. Santiago*, 528 Pa. 516, 599 A.2d 200 (1991), Judge Reynolds issued another opinion stating that he felt the suppression court erred in failing to suppress appellant's statement.

 Appellant first contends that the trial court erred in refusing to suppress the statement the police elicited from him on April 4, 1991. He contends that the statement was elicited after his Sixth Amendment right to counsel had attached. In reviewing an order denying a motion to suppress evidence, we must determine whether the factual findings of the lower court are supported by the evidence of record. *Commonwealth v. Espada*, 364 Pa.Super. 604, 607, 528 A.2d 968, 969 (1987). In making this determination, we may only consider the evidence of the Commonwealth witnesses and so much of the witnesses for the defendant, as fairly read in the context of the record as a whole, which remains uncontradicted. *Id.* If the evidence supports the findings of the lower court, we are bound by such findings and may reverse only if the legal conclusions drawn therefrom are in error.

 The Sixth Amendment of the United States Constitution provides for the right to counsel in a criminal prosecution. Said right attaches at the first formal proceeding against an accused. *McNeil v. Wisconsin*, —— U.S. ——, ——, 111 S.Ct. 2204, 2210, 115 L.Ed.2d 158, 170 (1991). In *Maine v. Moulton*, 474 U.S. 159, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985), the United States Supreme Court discussed the parameters of the Sixth Amendment right to counsel as embodied in the United States Constitution. In *Moulton*, the defendant was indicted on various theft counts. He retained counsel and was arraigned. Subsequently, however, the Maine Police struck a deal with Moulton's co-defendant. As a result, the police arranged to have the co-defendant record a meeting between Moulton and the co-defendant to discuss trial strategy. Moulton made incriminating statements at that meeting and he filed a motion to suppress these statements based on his Sixth Amendment right to counsel. The Supreme Judicial Court of Maine reversed the trial court's denial of Moulton's motion to suppress and the United States Supreme Court affirmed.

The Court held that "once the right to counsel has attached, the State must honor it." *Id.* at 170, 106 S.Ct. at 484. "At the very least, the prosecutor and the police have an affirmative obligation not to act in a manner that circumvents and thereby

dilutes the protection afforded by the right to counsel." *Id.* at 171, 106 S.Ct. at 484. Thus, it was held that where the police knowingly circumvented an accused's right to have counsel present in a confrontation between the accused and a state agent, the defendant's Sixth Amendment right was violated. *Id.* at 176, 106 S.Ct. at 487.

Subsequent to *Moulton,* the Supreme Court had the opportunity to refine its explanations of the Sixth Amendment right to counsel. In *McNeil v. Wisconsin, supra,* the Court considered whether an accused's Sixth Amendment right to counsel was violated where, after being arrested for one offense, he was subsequently interrogated concerning another offense, without his counsel being present. In that case, the defendant, McNeil, was arrested in connection with an armed robbery. After being advised of his *Miranda* rights, McNeil refused to answer any questions but did not request a lawyer. After counsel was appointed to represent McNeil, a Milwaukee County detective sought to question McNeil in connection with a murder investigation. He was advised of his *Miranda* rights and gave a statement denying his involvement in the murder. After following up on a lead McNeil provided, however, the detective again interviewed McNeil. He was again administered his *Miranda* rights and McNeil gave a statement admitting his participation in the murder. *McNeil,* —— U.S. at —— – ——, 111 S.Ct. at 2206–07, 115 L.Ed.2d at 165–66.

McNeil sought to suppress the statement on the grounds that his Sixth Amendment right to counsel had attached and therefore he could not be interrogated without counsel present. The trial court denied the motion and the Wisconsin Supreme Court affirmed. The United States Supreme Court affirmed the Wisconsin court. The Court held that the Sixth Amendment right to counsel is offense specific. *Id.* at ——, 111 S.Ct. at 2207, 115 L.Ed.2d at 166. Thus, the prosecution can only violate an accused's right to counsel when they question him or her about the offenses with which he is charged after the right to counsel has attached. *Id.* The Court held that McNeil's right to counsel had not been

violated since he was questioned regarding a separate incident which was unrelated to the robbery for which his right to counsel had already attached.[2] *Id.* at ——, 111 S.Ct. at 2208, 115 L.Ed.2d at 168.

Finally, the Pennsylvania Supreme Court had occasion to discuss the Fifth and Sixth Amendment Rights to counsel in a similar context. In *Commonwealth v. Santiago, supra,* our Supreme Court held that where a suspect invokes his Fifth Amendment right to counsel, state officials are subsequently prohibited from interrogating the suspect without the presence of counsel. *Santiago,* 528 Pa. at 520, 599 A.2d at 202. In that case, the defendant, Santiago, was arrested by the Federal Bureau of Investigation and charged with unlawful flight in connection with a murder. Santiago was advised of his *Miranda* rights and he invoked his right to remain silent and requested an attorney. A few days later, Pittsburgh police detectives sought to interview Santiago in connection with an unrelated murder. He was given *Miranda* rights and voluntarily spoke with the detectives. Our Supreme Court reversed, relying on the United States Supreme Court's pronouncement in *Minnick v. Mississippi,* 498 U.S. 146, 111 S.Ct. 486, 112 L.Ed.2d 489 (1990). In that case, the United States Supreme Court held that where a suspect invokes his right to counsel under the Fifth Amendment, interrogation must cease and may not be reinitiated without the presence of counsel.

2. The Court made a distinction between the accused who asserts his fifth Amendment right to counsel as enunciated in *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and his Sixth Amendment right to counsel. It has been held that the Fifth Amendment right to counsel is not offense specific. *McNeil,* —— U.S. at ——, 111 S.Ct. at 2208, 115 L.Ed.2d at 168. Thus, once a suspect invokes his Fifth Amendment right to counsel for interrogation regarding one offense, he may not be reapproached regarding any offense unless counsel is present. *Id.* (citing *Arizona v. Roberson,* 486 U.S. 675, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988)). *See also Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981).

In contrast, once the Sixth Amendment right to counsel has attached, the prosecution may not interrogate the accused regarding the offense for which he is accused without the presence of counsel. *McNeil, supra.* The distinction, although one of great import, is of only remote concern here as appellant in the instant case never asserted his Fifth Amendment right to counsel during the custodial interrogation.

*Id.* at ——, 111 S.Ct. at 491, 112 L.Ed.2d at 498. Because defendant Santiago had invoked his Fifth Amendment right to counsel, the Pittsburgh detectives could not interrogate him without the presence of his counsel. *Santiago*, 528 Pa. at 520, 599 A.2d at 202.

Summarizing the pertinent caselaw we find that where a suspect invokes his Fifth Amendment right to counsel, the police must cease interrogation until counsel is afforded and present at the interrogation, regardless of the subject matter of the questioning. Where a suspect, however, does not invoke his right to counsel under the Fifth Amendment, interrogation may continue without the benefit of counsel. Once charges are initiated against a suspect, however, his Sixth Amendment right to counsel attaches and he may not be interrogated regarding the offenses for which he is charged. However, the defendant may be interrogated regarding unrelated offenses, unless he has also invoked his Fifth Amendment right to counsel.

In the case *sub judice*, it is clear that appellant did not assert his Fifth Amendment right to counsel. There is no indication in the record that, after receiving his *Miranda* warnings, he sought to invoke the right to counsel. However, on April 4, 1991, when Detective Butler arrested appellant on new charges of burglary, his Sixth Amendment right to counsel had already attached and counsel had already been appointed for the charges of receiving stolen property and theft. Thus, according to the mandates of *McNeil, supra,* appellant could not be interrogated with regard to the original offenses for which he had already been charged. The question which then remains is whether appellant could be interrogated with regard to a related, but new offense, once his Sixth Amendment right to counsel had attached on the original charges. This is a question of first impression in this Commonwealth. Based on the United States Supreme Court's holding in *McNeil* and our Supreme Court's holding in *Santiago*, we find that appellant's Sixth Amendment right to counsel was violated.

■ The Commonwealth sought to add the charge of burglary against appellant on April 1, 1991. The burglary charge arose from the same incident for which he was charged with receiving stolen property and theft. The Commonwealth contends that they were privileged to seek a warrant against appellant to charge him with burglary; nor do we not dispute this contention. The Commonwealth further avers, however, that detective Butler was privileged to interrogate appellant concerning the burglary as it was a separate offense and not subject to the Sixth Amendment constraints. We disagree. We find that the Pennsylvania Supreme Court has interpreted the Sixth Amendment right to counsel, which is offense specific, to apply to all the offenses arising from the same incident for which a defendant is charged. We refer the Commonwealth to the Supreme Court's decision in *Santiago, supra*, whereby the Court held that the right to counsel under the Sixth Amendment does not bar officials from interrogating a defendant for other *unrelated* offenses. *Santiago*, 528 Pa. at 521, 599 A.2d at 202. Here, the burglary charge arose from the same incident for which the other charges were brought against appellant. Moreover, the statement appellant gave to Detective Butler tended to prove the offense of both burglary and receiving stolen property. To hold otherwise, would allow the Commonwealth to circumvent the Sixth Amendment right to counsel merely by charging a defendant with additional related crimes. We therefore find that the trial court erred in failing to suppress his statement as it implicated his involvement in the burglary at 135 South 52nd Street and the adjudication of delinquency as to that incident must be vacated. In so holding, however, we also find that appellant's statements concerning the unrelated burglaries need not have been suppressed. The United States Supreme Court in *Maine v. Moulton*, held that incriminating statements pertaining to other crimes, as to which the Sixth Amendment right has not yet attached, are of course, admissible at trials of those offenses. *Moulton*, 474 U.S. at 180, n. 16, 106 S.Ct. at 489, n. 16. Accordingly, we vacate the adjudication at Petition No. 2031–91–4 and affirm the adjudication at Petition No. 2030–91–4.

■ Appellant next contends that the complete statement elicited by Detective Butler should have been suppressed because the police violated his Fifth Amendment right to silence after holding him in continuous custody for twelve days. We disagree. A determination of whether a juvenile knowingly waived his *Miranda* rights and made a voluntary confession is to be based on a consideration of the totality of the circumstances, including a consideration of the juvenile's age, experience, comprehension and the presence or absence of an interested adult. *Commonwealth v. Morningwake,* 407 Pa.Super. 129, 134, 595 A.2d 158, 160 (1991), *allocatur denied,* 529 Pa. 618, 600 A.2d 535 (1991).

■ In the present case, appellant, a sixteen year-old juvenile, was already detained for twelve days at the Youth Study Center awaiting his delinquency hearing on the charges of receiving stolen property and theft. Detective Butler rearrested appellant on the new charge of burglary and took him to the juvenile room at the police station at 55th and Pine Streets in Philadelphia. The interrogation commenced approximately one and one-half hours after appellant was arrested. Detective Butler began the interrogation session by telephoning appellant's mother, Marcia Park. Although Ms. Park declined to attend the questioning because she was ill, she consulted with her son after the detective informed both of them of appellant's rights. After noting their understanding of the rights, appellant agreed to give a statement to the police. During the time he was in police custody, he was fed.

We find that the testimony evidences that appellant's confession was voluntarily and knowingly given. Appellant was given the opportunity to consult with his mother. Also, there was no evidence given that appellant had been mistreated. Finally, we are persuaded that appellant knowingly waived his rights by the fact that he previously invoked his right to remain silent on March 22, 1991. It is clear that he understood his right to remain silent, yet decided to give a statement to police. Thus, we find that appellant voluntarily and knowingly waived his *Miranda* rights. We therefore cannot suppress his statement on this basis.

358

■ Finally, appellant contends that the trial court erred in failing to suppress the physical evidence in this case because the Commonwealth failed to meet its burden of proving that the seizure of the evidence was unlawful. It is well established, however, that an issue cannot be raised for the first time on appeal. Pa.R.A.P.Rule 302(a), 42 Pa.C.S.A. Because appellant failed to raise this issue in the lower court, we cannot now consider it on appeal.

Adjudication of delinquency at petition No. 2031–91–4 is vacated; the adjudication of delinquency at 2030–91–4 is affirmed; the case is remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.