J-S74013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OTIS WILKERSON | : | |
| | : | |
| Appellant | : | No. 1227 EDA 2016 |

Appeal from the Judgment of Sentence November 17, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009610-2015,
CP-51-CR-0510891-2006, CP-51-CR-0808421-2006

BEFORE:  BOWES, J., LAZARUS, J., and RANSOM, J.

MEMORANDUM BY BOWES, J.:                          **FILED MARCH 27, 2018**

Otis Wilkerson appeals from the judgment of sentence of thirty-five to seventy years incarceration imposed following his non-negotiated guilty plea to, *inter alia*, involuntary deviate sexual intercourse, robbery, and rape.  We affirm.

This matter returns to the Court following a grant of relief in which we vacated Appellant's judgment of sentence.  We adopt the history as set forth in that decision.

> As this appeal involves a defect in the guilty plea process, extensive details of the crimes underlying Wilkerson's convictions are not necessary. It is sufficient for our purposes to state that Wilkerson's convictions arise from three separate occasions in which he took young women against their will to remote locations, raped them and, in two instances, stole from them.

Wilkerson was charged with numerous crimes related to these events and on February 28, 2011, he pled guilty to the offenses set forth above. The trial court subsequently sentenced Wilkerson to ten to 20 years on each rape conviction and ten to 20 years on the IDSI conviction. No further penalty was imposed on the remaining convictions. The trial court further ordered that the sentences run consecutively, resulting in an aggregate term of 40 to 80 years of imprisonment. N.T., 6/7/11, at 15-16. Wilkerson filed a timely post-sentence motion seeking to withdraw his guilty pleas, but the trial court never acted on Wilkerson's motion. The post-sentence motion was ultimately denied by operation of law, and this appeal followed.

*Commonwealth v. Wilkerson*, 2013 WL 11250801, at *1 (Pa.Super. 2013) (footnote omitted).

We vacated Appellant's guilty plea on the grounds it was involuntary since Appellant was not advised that his sentences could be run consecutively. The Commonwealth filed for review with our Supreme Court, which denied the request on May 7, 2014. *Commonwealth v. Wilkerson*, 91 A.3d 162 (Pa. 2014).

Following the return of the record to the Court of Common Pleas, Appellant elected to proceed to trial by jury. However, on July 13, 2015, he requested a continuance for new counsel. The trial court postponed the case for one day to see if Appellant's family could retain private counsel. On July 14, 2015, W. Fred Harrison, Jr., Esquire entered his appearance, and court appointed counsel was permitted to withdraw. The trial court then continued the case until November 17, 2015.

On that date, Attorney Harrison filed a motion to dismiss pursuant to Rule 600, which was denied. Appellant then decided to plead guilty and

received an aggregate sentence of thirty-five to seventy years imprisonment. On November 30, 2015, Appellant filed a *pro se* motion to withdraw his plea, claiming that he "met with counsel only once prior to November 17, 2015, and counsel shall be deemed ineffective for lack of preparation for the purposes of trial." Motion to Withdraw Guilty Plea, 11/30/15, at 1.[1] The motion was denied, and Appellant filed a notice of appeal. This Court issued an order on June 30, 2016, remanding for a determination as to whether counsel abandoned Appellant. On July 11, 2016, Attorney Harrison filed a motion to withdraw, which was granted on July 20, 2016. Newly-appointed counsel then complied with the order to file a concise statement of matters complained of on appeal, and the matter is now ready for our review. Appellant raises the following claims.

I. The trial court committed error when it refused the Appellant's request to continue the case thereby violating the Appellant's 6th amendment right to a fair trial because he did not have a full and fair opportunity to consult with counsel.

II. The trial court committed error when it found there was not a violation of Rule 600 despite the court record which demonstrated that the Commonwealth failed to bring this case to trial in a timely manner.

III. The court committed error when it failed to permit the Appellant to withdraw his guilty plea based upon the motion filed November 30, 2015.

---

[1] The tenth day after sentencing was Friday, November 27, 2015. The filing was apparently accepted on Monday, November 30, 2015 as an application of the prisoner mailbox rule.

Appellant's brief at 6.

Appellant's first claim reads in its entirety:

> Every defendant in a criminal case shall have the right to competent counsel. The Sixth Amendment of the United States Constitution provides for the right to counsel in a criminal prosecution. Said right attaches at the first formal proceeding against an accused. *McNeil v. Wisconsin*, 501 U.S. 171, ----, 111 S.Ct. 2204 2210, 115 L.Ed.2d 158, 170 (1991); *Pack, In Interest of* 616 A.2d 1006, 420 Pa. Super. 347 (Pa. Super., 1992).
>
> The appellant argues that he did not have the right to counsel and he was severely prejudiced in that he was not afforded the right to have a meaningful discussion with his most recently counsel, Fred Harrison. These are 3 very serious cases which, if found guilty, would all but amount to a *de facto* life sentence. To clarify, it appears from the record that the appellant was given 1 day to hire an attorney, after which the case was continued for 4 months. The appellant would argue that 4 months is not a significant amount of time to prepare for three cases of serious magnitude. This did not allow the appellant any chance to have a meaningful opportunity to discuss the merits of the 3 cases nor the defenses which could be raised even with the brea[d]th of experience and knowledge that attorney Harrison brings to the table.

Appellant's brief at 9.

Appellant fails to cite any portion of the record[2] nor does he set forth any standard of law. His argument, such as it is, cites the right to counsel, and suggests that Appellant was prejudiced because **counsel** was unprepared to try the case. "The appellant would argue that 4 months is not

_____

[2] Appellant neglected to ensure that the notes of testimony were included in the certified record.

a significant amount of time to prepare for three cases of serious magnitude." *Id*. The trial court emphasizes that Appellant has misstated the record:

> In his first statement of errors, Defendant complains the Court erred when it denied his "request to continue the case...because he did not have a full and fair opportunity to consult with counsel." Defendant's complaint is without merit, it also misstates the record.
>
> . . . .
>
> On November 17, Defendant voluntarily entered non-negotiated pleas of guilty. Defendant's complaint misstates the record in that the Court in fact granted a four month continuance, to November 16, 2015, to consult with newly retained private counsel. Prior to swearing the jury in, Defendant advised the Court that he had conferred with counsel and was ready to proceed to trial. (N.T., 11/17/15 pg. 11). At the close of opening arguments, counsel further advised the Court that Defendant wished to enter non-negotiated pleas to the pending charges. (N,T., 11/17/15 pg. 12).

Trial Court Opinion, 2/24/17, at 9-11.

Thus, contrary to Appellant's claim that the trial court somehow erred in failing to grant a continuance request, it appears that Appellant is not faulting the trial court in any way. Appellant recognizes as much, as he acknowledges that the trial court postponed trial by four months; he simply claims that "[four] months is not a significant amount of time to prepare[.]" Appellant's brief at 9.

We deem this claim waived due to the complete failure to develop an argument. "It is not the obligation of [an appellate court . . . ] to formulate [a]ppellant's arguments for him." *Wirth v. Commonwealth*, 95 A.3d 822,

837 (Pa. 2014) (quoting *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (alterations in original). Moreover, as stated, Appellant's claim in truth appears to challenge the adequacy of counsel's representations, which must be raised through collateral proceedings.

Appellant's second claim argues that the trial court incorrectly denied his Rule 600 motion. We find that this claim is waived due to the entry of the plea. "A plea of guilty constitutes a waiver of all nonjurisdictional defects and defenses. When a defendant pleads guilty, he waives the right to challenge anything but the legality of his sentence and the validity of his plea." *Commonwealth v. Jones*, 929 A.2d 205, 212 (Pa. 2007) (quoting *Commonwealth v. Montgomery*, 401 A.2d 318, 319 (Pa. 1979)). This includes Rule 600 claims. "[A]n alleged irregularity in proceedings prior to a plea of guilty, including an alleged violation of Rule [600], would be reviewable to the extent that it affected the voluntariness of the guilty plea itself." *Commonwealth v. Gibson*, 561 A.2d 1240, 1242 (Pa.Super. 1989) (citing *Commonwealth v. Riviera*, 385 A.2d 976 (Pa.Super. 1978)). Accordingly, Appellant has waived his Rule 600 claim, especially insofar as claims challenging the voluntariness of the guilty plea must now be raised through the PCRA. *See e.g. Commonwealth v. Hickman*, 799 A.2d 136 (Pa.Super. 2002) (examining ineffectiveness claims challenging voluntariness of plea based on counsel's advice).

Appellant's third claim, like his first, challenges counsel's representation. Appellant's brief at 11-12 ("The appellant should have been permitted to withdraw his guilty plea in light of his lack of effective representation."). This claim is unreviewable on direct appeal. *Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002) ("We now hold that, as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/27/18</u>